South Chicago Brewing Co. v. Western Ice Machine Co.

## South Chicago Brewing Co. v. Western Ice Machine Co., for use of Mary Keller and Rudolph Brand, Adm'rs, etc.

1. APPELLATE COURT PRACTICE—*Filing Amendments to the Bill of Exceptions.*—In this case a diminution of the record was suggested and a motion made for leave to file an amendment to the bill of exceptions. The amendment was not then ready, but the court took the motion under advisement, and the additional record being subsequently brought in, leave was given to file it, *nunc pro tunc.*

Assumpsit, on a contract. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 23, 1900.

RUBENS, DUPUY & FISCHER, attorneys for appellant.

LACKNER, BUTZ & MILLER, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

At the time this case was submitted for decision, a diminution of the record was suggested and a motion was made for leave to file an amendment to the bill of exceptions. The amended and supplemental record was not then ready, but the court took the motion under advisement, and the additional record was subsequently brought in. Leave is now given to file the same as of February 20, 1899. Such supplemental record shows a motion for a new trial in the court below, the disallowance thereof and the exceptions taken by the appellants. Neither in said supplemental record nor in the original bill of exceptions, nor in any other part of the record, are any instructions, either given or refused, preserved. Nor do we discover in the brief filed by appellant, any complaint that error was committed respecting the admission or exclusion of evidence. So far as we observe, the contentions of the appellant are wholly confined to the facts of the case.

The suit appears to have been brought to recover a balance claimed to be due under a contract (not abstracted) between the appellant and appellee, whereby the latter agreed to construct and furnish to the appellant a fifty-ton refrigerating machine for use about its brewery in South Chicago.

It appears in evidence that the contract was assigned to one Keller, the administrators of whose estate are the usèes of appellee, as security for an indebtedness owing to him by appellee, and that notice of such assignment was duly given to the appellant. Such indebtedness appears to have been evidenced by certain promissory notes of the appellee that were produced at the trial, and were then held and owned by the usees.

The defenses to the suit were numerous matters of fact, such as that there was nothing due on the notes, to secure the payment of which the assignment of the contract was made; that other security for the indebtedness had been taken and that such security had been sold and the indebtedness paid or substantially so; that appellee had been settled with without notice of the assignment of the contract, and certain claimed damages because the machine was imperfect and not furnished in the time agreed upon. Perhaps there were other defenses, but they, as well as those named, consisted wholly of facts, which the jury, on evidence that was more or less conflicting, found against appellant.

We do not see that it would serve any useful purpose to review the evidence, in detail, that was heard by the jury —there being no question of law in the record to which the evidence could be applied. Its decided preponderance was in favor of appellee, and we see no reason to disturb the judgment. Affirmed.